Dear Mayor Grimmer:
This office is in receipt of your request for an opinion of the Attorney General in which you question various aspects of the authority of the Town's Chief of Police. In this regard you ask the following questions:
 1. Can an elected Chief of Police at his will authorize a criminal investigation of the elected Mayor and his office? If so, by what statutory authority and by what procedure. If not, what recourse does the Mayor have?
 2. Can an elected Chief of Police at his will authorize a criminal investigation of the elected Alderman? If so, by what statutory authority and by what procedure? If not, what recourse does the Alderman have?
 3. Can an elected Chief sign or authorize one of his officers to sign a contract or sign to open a charge account that will incur monthly charges for the Town?
 4. Can an elected Chief of Police sign or authorize one of his officers to sign titles for the purchase of new or used police vehicles?
 5. Can a policeman working for the Town of Walker on days off work extra duty for Wal-Mart? If so is it ethical for policeman, Mayor, Alderman or Chief to accept a 10% discount charge card from Wal-Mart?
 6. Is the official record keeper for a Lawrason Act municipality, the Town Clerk, Mayor or Chief?
 7. Can an elected Chief of Police retain official records such as titles to vehicles or should those records be maintained by the Town Clerk?
In response to your first two questions, this office has recognized that the parish sheriff and municipal policemen of a Lawrason Town share the authority to investigate criminal violations occurring within the municipal limits of the municipality, citing the authority for the Chief of Police set forth in R.S. 33:423. However, the authority to investigate must have a legitimate basis to justify the belief that an offense has been committed requiring an investigation or such an investigation could constitute an abuse of authority.
In regard to your question whether the Chief of Police can authorize one of his officers to sign a contract or sign an open charge account that will incur monthly charges for the Town, we find it pertinent to recognize that the elected Chief of Police is the final authority in the day-to-day operation of his office and equipment in regard to carrying out his duties. Once the mayor and aldermen have budgeted and appropriated money for the police department, the authority to allocate the expenditures of these funds rests with the elected chief of police. However, R.S.33:462 requires all expenditures of these municipal funds be made pursuant to a specific appropriation with all warrants drawn on the treasury expressing on its face to whom it was issued, for what purpose and the ordinance authorizing the issuance of the warrant.
Accordingly, the Chief of Police under his inherent authority to operate his department could authorize one of his officers to open a charge account if the charges are for items authorized under the police department's budget to be paid with warrants, but not for charges directly to the Town.
The response to your inquiry as to whether the Chief of Police can authorize one of his officers to sign titles for the purchase of new or used police vehicles would be the same as that to your prior question, in that under the authority to control the day-to-day operation of the Department, the Chief could designate an individual to sign for vehicle titles, but the expenditure for the vehicles must be included within the Department's budget and paid by warrant.
We find in answer to your fifth question that a policeman working for the Town of Walker can work extra duty for Wal-Mart on his days off from the police department. This office stated in Atty. Gen. Op. 97-80 that "law enforcement agencies may engage in the practice of scheduling `off duty' officers or allow the officers themselves to contract to provide security to private or public entities". It was further observed therein that there did not appear to be any obstruction that would block the officer from using police issued equipment.
As to your further inquiry if it is ethical for policemen, the mayor, aldermen or Chief to accept a 10% discount charge card from Wal-Mart, we would refer you to the State Commission on Ethics for Public Employees which is located at 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA, 70809, (225) 922-1400 for such an inquiry.
In regard to your question whether the official record keeper for a Lawrason Act municipality is the Town Clerk, Mayor or Chief we find retention of records depends in part on what type of records are involved. However, in accordance with R.S. 33:421 which sets forth the duties of the Clerk, we would conclude he would be considered the official record keeper of the municipality. It is provided in this statute that the clerk shall keep a book labeled Municipal Minutes in which he shall record the proceedings of the Mayor and Aldermen, and he shall keep a book styled Municipal docket wherein he shall enter each subject matter to be acted upon by the mayor and board. Additionally, it is provided "he shall keep such other books and records as may be provided by ordinance", and "shall file in his office and preserve all records and papers pertaining to the business of the municipality."
In your final question you ask whether the Chief of Police should retain official records such as titles to vehicles or should those records be maintained by the Town Clerk. We would conclude, inasmuch as this office has recognized that the vehicles of the Police Department are municipal property, that the titles should be kept by the Town Clerk. We do not find that this would interfere with the inherent authority of the elected Chief of Police to operate his department.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr